UNITED STATES DISTRICT COURT          JS-6
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL

**Case No.  CV 25-cv-05843-MWF (BFMx)        Date:  August 28, 2025**
Title:      Beau Lavine v. Costco Wholesale Corp. et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):**     ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO FILE FIRST AMENDED
COMPLAINT AND ORDER REMANDING
TO STATE COURT [9]

Before the Court is Plaintiff Beau Lavine's Motion to Remand (the "Motion"), filed July 25, 2025.  (Docket No. 9).  Defendant Costco Wholesale Corporation ("Costco") filed an Opposition on August 4, 2025.  (Docket No. 10).  Plaintiff filed a Reply on August 11, 2025.  (Docket No. 13).

The Motion is **GRANTED**.  Plaintiff will be permitted to join Defendant Barrio, and thus the Court no longer has diversity jurisdiction over this action.  Because the Court holds that Barrio may be joined, the Court does not reach the question of whether Costco Membership was fraudulently joined prior to removal.

## I.    BACKGROUND

Plaintiff commenced this action in Los Angeles County Superior Court on April 29, 2025.  (Complaint (Docket No. 1, Ex. A)).  On June 26, 2025, Defendants filed the Notice of Removal.  (Docket No. 1).

In her original Complaint, Plaintiff alleges that she visited a Costco store located in Torrance, California, on September 26, 2024.  (Complaint ¶ 14).  While returning a shopping cart in the parking lot, Plaintiff alleges that she slipped on spilled radiator fluid, which caused a fracture of her wrist and other injuries.  (*Id.* ¶¶ 10-19).  Plaintiff

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-cv-05843-MWF (BFMx)        Date:  August 28, 2025**
Title:     Beau Lavine v. Costco Wholesale Corp. et al.

alleges that her fall was caused by "Defendant's failure to maintain its premises in a safe condition."  (*Id.* ¶ 10).

On the basis of these allegations, Plaintiff brought claims for negligence and premises liability against Defendant Costco and Doe Defendants 1-50.  (*Id.* ¶¶ 23-41).

On June 20, 2025, prior to Defendant's removal, Plaintiff filed a Doe Amendment in state court naming Costco Membership Services, Inc. ("Membership") as Doe 1.  (Motion at 1).

Upon removal to this Court, Defendant Costco argued that the addition of Membership was intended to defeat diversity jurisdiction and constituted fraudulent joinder.  (Notice of Removal ¶ 7).

With this Motion, Plaintiff seeks to add Carlos J. Barrio as Doe 2 to this action. (*See generally* First Amended Complaint ("FAC") (Docket No. 9-1)).  Plaintiff alleges that Barrio was the store manager at the time of Plaintiff's slip and fall, and that Barrio was responsible for the maintenance of the store.  (Motion at 2).  Plaintiff argues that both Barrio and Membership should be joined to this action.

## II.    **DISCUSSION**

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

"Generally, if a plaintiff seeks to amend a removed complaint in a manner that would destroy diversity, a court has discretion whether to allow such an amendment." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) (citing 28 U.S.C. § 1447(e)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 25-cv-05843-MWF (BFMx)        **Date:  August 28, 2025**

Title:       Beau Lavine v. Costco Wholesale Corp. et al.

Courts consider the following factors when deciding whether to allow amendment to add non-diverse defendants under 28 U.S.C. § 1447(e):

(1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Calderon v. Lowe's Home Ctrs., LLC,* No. 2:15-CV-1140-ODW-AGR, 2015 WL 3889289, at *3 (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

Congress has explicitly contemplated the possibility of post-removal gamesmanship and has permitted courts to deny "joinder of additional defendants" if such joinder "would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e). The Ninth Circuit has similarly directed district courts to "look with particular care at [a potential improper] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1376 (9th Cir. 1980).

## A.     Necessary Party

Under Rule 19(a), joinder is required of persons "whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082.

Defendant argues that Barrio had only "limited involvement" in the incident giving rise to the claims, and that Plaintiff will not be prevented complete relief if joinder is denied given that Costco will likely be found vicariously liable for Barrio's actions.  (Opp. at 7-8).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 25-cv-05843-MWF (BFMx)          Date:  August 28, 2025**
**Title:       Beau Lavine v. Costco Wholesale Corp. et al.**

---

These arguments are only partially persuasive.  First, Plaintiff's FAC alleges a breach of duties specific to Barrio that she contends contributed to her injuries, so it appears that Barrio had more than "limited involvement" in the incident.  (*See* FAC ¶ 31).  On the other hand, Defendant is correct that courts in this District have found it persuasive on this factor that employers will likely be held vicariously liable for any breach of duties by employees.  *See McGrath v. Home Depot USA Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014); *Calderon v. Lowe's Home Centers, LLC*, 2015 WL 3889289, *4 (2015).

What ultimately tilts this factor Plaintiff's way is that the Rule 19(a) standard instructs courts to consider whether the absence of any defendant "would subject any of the parties to the danger of inconsistent obligations."  *See Clinco*, 41 F. Supp. 2d at 1082.  Although she raises this argument in another section of her Reply, Plaintiff does argue that she will be required to file an action against Barrio individually in state court if denied joinder here, incurring the risk of inconsistent judgments.  (Reply at 7-8).

On balance, this factor slightly favors joinder.

### B.      Statute of Limitations

There is no argument from either party that the statute of limitations would bar any of Plaintiff's claims against the proposed individual defendants.  Instead, Plaintiff contends that she will be forced to file another action against Barrio in state court should she be denied leave to amend, which would waste judicial resources and risk inconsistent judgments.  (Reply at 6).  Defendant did not address this factor.

Accordingly, this weighs in favor of joinder.

### C.      Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-cv-05843-MWF (BFMx)          Date:  August 28, 2025**
Title:      Beau Lavine v. Costco Wholesale Corp. et al.

F. Supp. 2d at 1083.  The case law cited by the parties focuses on the timing of the amendment following removal and whether it occurs before dispositive motions have been filed and when "discovery completed thus far will be relevant" to jurisdictional questions.  *See Marzano v. Costco Wholesale Corp*., No. 24-cv-01056-JVS-ADS, 2024 WL 3914503, at *3 (C.D. Cal. July 18, 2024); *Yang v. Swissport*, No. 09-03823 SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010).

Defendant does not appear to address delay in its Opposition.  Plaintiff argues that her amendment is timely given that no dispositive motions have been filed.  (Reply at 7).  This factor thus weighs in favor of joinder.

**D.      Motive**

Where the joinder of a defendant would defeat diversity jurisdiction in a removal case, the Ninth Circuit has instructed district courts to "look with particular care at [] motive."  *See Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1376 (9th Cir. 1980).

Defendant contends that Plaintiff has the improper motive of defeating this Court's jurisdiction in seeking to add Barrio.  (Opp. at 8).  Plaintiff counters that she would have filed the claims against Barrio had she known his name originally.  (Reply at 9).

At the hearing, Defendant pointed to the timing of Plaintiff's amendments, both to add Membership and then to add Barrio.  In both instances, Defendant contends, Plaintiff sought to add these defendants following Costco's notification that it would remove, and after Costco did remove the action, respectively.  Defendant argued that the timing of these amendments points to Plaintiff's improper motive in its request for amendment.

On the consideration of motive, the Court finds persuasive the reasoning of *Kelly v. SMG Holdings, Inc.,* CV 14-08306 MMM (PLAx), 2015 WL 13652713, at *8 (C.D. Cal. Mar. 9, 2015).  There, the district court was reluctant to conclude from the

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-cv-05843-MWF (BFMx)          Date:  August 28, 2025
Title:       Beau Lavine v. Costco Wholesale Corp. et al.

Plaintiff's "mere inartful pleading" that the amendment was designed to defeat diversity jurisdiction.  *Id.*  Indeed, the district court declined to give much weight to indicia of plaintiff's subjective motive, observing that "[defendant's] view of [plaintiff's] motive is no more compelling than [plaintiff's] explanation of [her] motive, and [plaintiff's] preference for state court is no less honorable than [defendant's] for federal court."  *See id.*

As in *Kelly*, the Court is reluctant to rely heavily on either Defendant's representations about Plaintiff's subjective motive or, indeed, on Plaintiff's representations about her own subjective motive.  Though Defendant's point about timing is well-taken, the Court declines to read into Plaintiff's amendment request that Plaintiff's sole motive is to defeat diversity jurisdiction.  The important thing here is that there are objective indicia in the record that blocking removal is not the sole motive for Plaintiff's requested joinder.

On balance, this factor is neutral.

### E.       Validity of New Claims

The analysis of validity of the claims under § 1447(e) is the same as the fraudulent joinder standard, "*i.e.,* whether there is any possibility of recovery against the non-diverse defendant."  *See Kelly v. SMG Holdings, Inc.*, 2015 WL 13652713, \*3 (C.D. Cal. 2015).  This is a low bar, as courts look to whether the "individuals joined in the action can[] be liable **on any theory**."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (emphasis added).

Defendant first argues against the validity of Plaintiff's claims by citing to two cases against Walmart, though upon further review, both are inapposite.  (*See* Opp. 3-5).  In these cases, the court considered the validity of negligence and premises liability claims against store managers, as here.  (*Id.*).  However, in both cases, Walmart showed by clear and convincing evidence that the named store managers did not work at the store on or around the day of the incident, and so it was clear that they could not be liable on any theory.  *See Marquez v. Walmart Inc.,* No. EDCV 23-58 JBG (SPx),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-cv-05843-MWF (BFMx)          Date:  August 28, 2025**

Title:      Beau Lavine v. Costco Wholesale Corp. et al.

2023 WL 2699956, at *2 (C.D. Cal. Mar. 28, 2023); *McDowell v. Walmart Inc.,* EDCV 22-897 JBG (KK), 2022 WL 3018064, at *2-3 (C.D. Cal. July 28, 2022).  Defendant makes no such showing here.

Defendant next takes issue with Plaintiff's phrasing that Barrio owes a "personal duty" to Plaintiff to "ensure" the safety of the premises.  (Opp. at 5, 9).  Defendant seemingly argues that this does not suffice to allege the "duty" element of a tort claim. (*Id.*).   The Court declines to construe Plaintiff's phrasing as strictly as Defendant. And again, as with the *Walmart* cases, the two cases cited by Defendant in support of this proposition are inapposite, as they merely reiterate the elements and burden of proof applicable to certain tort claims.  (*Id.* at 5).

The Court agrees with Plaintiff that she has sufficiently alleged at least a negligence claim against Barrio.  (*See* Motion at 9-10).  It is apparent from the FAC that Plaintiff seeks to make specific allegations about Barrio's duties, the breach of those duties, and how that breach caused her injuries.  (*See id.*; *see generally* FAC).

Accordingly, this factor weighs in favor of joinder.

**F.      Prejudice to Plaintiff**

Finally, Plaintiff asserts that she will be prejudiced if joinder is denied because she will be forced to file a duplicative action against Barrio in state court.  (Reply at 7-8).  Defendant argues that Plaintiff will not be prejudiced because she can take further discovery in this action to determine whether she has a valid cause of action against Barrio, and can add him later as a Doe defendant if so.  (Opp. at 9).

As discussed above, the Court concludes that Plaintiff currently has valid claims against Barrio and rejects Defendant's argument on this point.  Because Plaintiff will face the prejudice of duplicative actions if joinder is denied, this factor weighs in favor of amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-cv-05843-MWF (BFMx)        Date:  August 28, 2025**
Title:       Beau Lavine v. Costco Wholesale Corp. et al.

Accordingly, the Court concludes that the factors under § 1447(e) weigh in favor of joinder.  With the addition of Barrio, there is no longer complete diversity in this action.  The Court will remand the action.  28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

### G.    Attorney's Fees

Plaintiff requests attorney's fees associated with bringing this Motion.  (Motion at 10-11).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

As the foregoing discussion illustrates, Defendant Costco did not lack an objectively reasonable basis for seeking removal.  Plaintiff's request for attorney's fees is **DENIED**.

### III.   CONCLUSION

For the reasons set forth above, the Motion to Amend is **GRANTED.**  The Court **REMANDS** this action to the Superior Court of the State of California for the County of Los Angeles.  Plaintiff's request for attorneys' fee is **DENIED.**

Because the Court holds that the requested joinder of Defendant Barrio is proper under § 1447(e), the Court does not reach whether Costco Membership was fraudulently joined.

IT IS SO ORDERED.